UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELLOWSHIP OF CHRISTIAN ATHLETES,** *et al.*, <br><br>   **Plaintiffs,** <br><br>   v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br>   **Defendants.** | **No. 1:24-cv-01332-DLF** |

### DEFENDANTS' MOTION FOR REFERRAL TO MEDIATION AND A STAY OF DEFENDANTS' DEADLINE TO RESPOND TO PLAINTIFFS' COMPLAINT

Pursuant to LCvR 84.4, Defendants District of Columbia, Lewis D. Ferebee, and Cinthia L. Ruiz (collectively, the District) request that the Court refer this case to a federal magistrate judge for mediation.[1] Plaintiffs Fellowship of Christian Athletes (FCA), a national religious organization, and Fellowship of Christian Athletes at Jackson-Reed High School (FCA-JRHS), a local student organization chapter, allege that the District violated their constitutional and statutory rights by denying the FCA-JRHS official recognition as a student organization at Jackson-Reed High School because of FCA's requirement that student leaders share FCA's religious beliefs. *See* Compl. [1] ¶¶ 2–3. Plaintiffs moved for preliminary injunctive relief in May, 2024 [3], which the Court granted in part based on Plaintiffs' Religious Freedom Restoration Act and Free Exercise Clause claims. *See* Memo. Op. [26] at 31. The Court ordered that the District restore official recognition and benefits to FCA-JRHS and barred the District from enforcing its Anti-Discrimination Policy to exclude FCA-JRHS based on its leadership-selection practices as described in the Application for Preliminary Injunction. Order [25].

The Parties have engaged in settlement discussions since August 2024. *See* Defs.' Consent Mot. for an Ext. of Time to Respond to the Compl. [30] at 1. The District has now

---

[1]   Local Rule 84.4 empowers the Court to refer civil cases to mediation either voluntarily, or "by requiring litigants to participate after giving them an opportunity, in response to an order to show cause, to explain why mediation would not be appropriate in their case." LCvR 84.4(a).

implemented policy changes governing student organizations at District of Columbia Public School (DCPS) campuses, including explicitly recognizing the ability of religious student organizations to limit admission to, and give preferences to, persons of the same religious beliefs. *See* Ex. 1, Student Organizations and Club Guidance, at 2.[2] The District believes that mediation would facilitate the Parties' continued negotiations and, hopefully, lead to resolution of the remaining issues in this case without the need for further litigation.

The District also requests a stay of its responsive pleading deadline. If the Court grants the motion, the District requests that the stay be extended for 60 days to allow the Parties to engage in mediation. If the Court denies the motion, the District requests that its responsive pleading deadline be set seven days after entry of the order denying the motion. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to enter a stay, a court considers (1) possible judicial economy gains and (2) the balance of hardships. *Allen v. District of Columbia*, No. 20-cv-2453, 2024 WL 379811, at *2 (D.D.C. Feb. 1, 2024). Here, the District submits that exploring settlement discussions through mediation, as requested above, without incurring—or taxing the Court with—the time and expense of further briefing and litigation, supports entry of the requested stay. Further, the stay will not unduly delay resolution of this matter. If the Court refers the case to mediation and mediation is successful, the responsive pleading deadline may become moot. If the Court does not refer the case to mediation, the District's request for seven days from entry of that order to file its responsive pleading will not significantly delay litigation. And for the same reasons, Plaintiffs would not be prejudiced.

Pursuant to LCvR 7(a), this Motion includes all supporting points of law and authority. A proposed order follows, as required by LCvR 7(c). The District sought Plaintiffs' consent for

---

[2]     Available at https://dcps.dc.gov/publication/student-organizations-and-clubs-guidance.

a joint referral to mediation and a stay of litigation, Plaintiffs did not consent and intend to file a response.

Date: January 15, 2025.                              Respectfully submitted,

                                                     BRIAN L. SCHWALB
                                                     Attorney General for the District of Columbia

                                                     STEPHANIE E. LITOS
                                                     Deputy Attorney General
                                                     Civil Litigation Division

                                                     */s/ Matthew R. Blecher*
                                                     MATTHEW R. BLECHER [1012957]
                                                     Chief, Equity Section

                                                     */s/ Honey Morton*
                                                     HONEY MORTON [1019878]
                                                     Assistant Chief, Equity Section

                                                     */s/ Marcus D. Ireland*
                                                     AMANDA C. PESCOVITZ [1735780]
                                                     MARCUS D. IRELAND [90005124]
                                                     Assistant Attorneys General
                                                     Civil Litigation Division
                                                     400 6th Street, N.W.
                                                     Washington, D.C. 20001
                                                     Phone: (202) 702-2910
                                                     Email: marcus.ireland@dc.gov

                                                     *Counsel for Defendants*