IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELLOWSHIP OF CHRISTIAN ATHLETES**, et al., <br><br>        Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, et al., <br><br>        Defendants. | Civil Action No. 1:24-cv-01332-DLF <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR REFERRAL TO MEDIATION AND A STAY OF DEFENDANTS' DEADLINE TO RESPOND TO PLAINTIFFS' COMPLAINT** |

Although Plaintiffs have been (and remain) open to seeing if this case is amenable to settlement, Dkt. 30, the case has now been pending for eight months without a response to the complaint, and Defendants have refused to engage in the sort of party-to-party negotiation that could bring it to an efficient close. To avoid further unproductive delay, the Court should deny Defendants' referral-and-stay motion, Dkt. 36, and order Defendants to respond to the complaint within 14 days of the denial.

To be clear, if Defendants confirmed in their reply to this motion that they agreed to the substantive portions of Plaintiffs' settlement proposal, and if the referral were to be appropriately time-limited as set forth below, Plaintiffs would not oppose referral and an appropriately time-limited stay. But barring that confirmation, the motion should be rejected in full.

I. **The Court should deny Defendants' motion for referral to mediation and order Defendants to timely respond to Plaintiffs' complaint.**

"Mediation is not appropriate in every case, and, in any event, the court cannot compel parties to engage in mediation." *Shapiro v. Howard Univ.*, No. 18-cv-2588, 2020 WL 12990191, at *4 (D.D.C. Mar. 21, 2020); *see also, e.g.*, *Harvey v. Colvin*, No. 13-cv-1957, 2015 WL 4078223, at *4 n.7 (D.D.C. July 1, 2015) (denying plaintiff's motion requesting referral to mediate when defendant opposed the motion). Courts are particularly "reluctant to order a mediation when that mediation is futile, i.e., when it is unlikely to result in a settlement of all, or at least some, of the

issues in the action." *Paragon Fin. Grp., Inc. v. Bradley Factor, Inc.*, No. 02-cv-222, 2003 WL 23471548, at *16 (E.D. Tenn. Dec. 4, 2003). Just so here; under this case's circumstances, mediation "would not be appropriate." LCvR 84.4(a)(2).

The reason is Defendants' delay and unwillingness to engage in meaningful party-to-party negotiation. This Court entered a preliminary injunction in Plaintiffs' favor on July 11, 2024, Dkt. 26, and Defendants first expressed a potential openness to settlement on August 16, *see* Davis Decl. (Exhibit 1) ¶ 4. Since then, Plaintiffs have diligently attempted to engage with Defendants to resolve this case, including sending (1) a preliminary settlement proposal on September 6, 2024, which included general terms for both Plaintiffs' substantive relief and attorneys' fees; and (2) a comprehensive draft settlement agreement on November 20, replete with the specific substantive relief requested and detailed billing records supporting their attorneys' fees. *Id.* ¶¶ 5, 9.

But Defendants have done little more than delay, engaging with Plaintiffs primarily only when their response deadline is approaching and primarily only to seek further extensions of that deadline. *Id.* ¶¶ 4, 7, 10, 11, 13, 14, 16. Plaintiffs consented to Defendants' last three extensions in hopes of furthering the settlement discussion. *See* Dkts. 30, 33, 35. But Plaintiffs' December 6 consent specifically noted that they would be unable to agree to further extensions without at least reaching agreement on the substantive relief terms. Davis Decl. ¶ 13. Yet, despite repeated requests for Defendants to engage on those terms, Defendants waited until the day before their due date to provide a vague and incomplete response, which is why the Court is now having to address Defendants' opposed motion.

Moreover, despite three extensions' worth of time, Defendants have been almost entirely unwilling to engage in party-to-party discussion regarding Plaintiffs' substantive relief. After Plaintiffs sent their detailed settlement proposal on November 20, Defendants did not respond until January 6—and even then, their response was limited to the issue of attorneys' fees. *Id.* ¶ 14. Plaintiffs did not receive the first (extremely general) intimation of the basis for Defendants' resistance to the substantive relief they seek until January 14, the day before they filed the current motion. *Id.* ¶ 16. Rather, Defendants have insisted on mediation since early December, treating

that time- and resource-intensive process as a first resort instead of a backstop for when party-to-party discussions prove insufficient. *Id.* ¶ 11.

The delay here is entirely unnecessary. In fact, in the analogous case of *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education*, 82 F.4th 664 (9th Cir. 2023) (en banc),[1] when a preliminary injunction was issued against the school district in September 2023, the parties engaged in extensive, detailed party-to-party negotiations over the scope of the substantive terms and reached an agreement in principle within five months and reached a complete resolution of remaining financial issues by late April 2024. And the settlement there included more complicated substantive and financial terms than the proposed agreement here—so the parties covered far more in far less time than it's taken for Defendants here to even begin intimating their position.

Defendants' latest motion is yet another attempt at delay. Plaintiffs have already given Defendants a clear path forward. If Defendants were open to party-to-party negotiations with reasonable terms, they could have responded to the substantive terms of the proposed settlement agreement months ago. But they have repeatedly refused. Under these circumstances, mediation is not appropriate and would be a waste of Plaintiffs' and the mediator's time.

## II. If Defendants agree to the substantive portions of Plaintiffs' settlement proposal and mediation is time-limited, Plaintiffs would not object to referral.

Even aside from Defendants' delay and unwillingness to engage in party-to-party discussions, Plaintiffs do not believe mediation is the most efficient way to resolve any part of this case. But Plaintiffs' primary objection is to Defendants' proposal to mediate the issue of Plaintiffs' substantive relief together with their attorneys' fees. That objection exists for a variety of reasons, including because (a) the issues are entirely independent of one another; and (b) unlike with the fees, there has not yet been any meaningful party-to-party engagement on the substantive relief at all.

---

[1]  *FCA-San Jose* likewise involved an FCA huddle excluded from a high-school campus because of FCA's religious leadership criteria, 82 F.4th at 672-79, and undersigned counsel likewise represented FCA there. This Court's preliminary-injunction decision relied on *FCA-San Jose* extensively. *See* Dkt. 26 at 14, 20, 21, 24, 25, 26, 27, 29 n.4.

Accordingly, Plaintiffs have expressed to Defendants that Plaintiffs would not object to mediation if Defendants were to agree with the substantive-relief portions of Plaintiffs' November 20 settlement proposal, such that the mediation would be limited to fees. Davis Decl. ¶ 12. That remains Plaintiffs' position. If Defendants confirm their agreement on this point, and if the referral is appropriately time-limited, Plaintiffs would not object to the Court referring this case to mediation and staying the litigation. Under the circumstances here, Plaintiffs respectfully submit an appropriately time-limited referral would be one in which (1) the mediation takes place within three weeks, pursuant to LCv.R 84.7(a); and (2) should mediation not result in settlement, Defendants are ordered to respond to the complaint within 14 days of the conclusion of mediation.

\*   \*   \*

The Court should reject Defendants' motion and order them to respond to Plaintiffs' complaint within 14 days, so the parties can set a Rule 26(f) conference and proceed with this litigation without further delay. Alternatively, should Defendants agree in principle to the non-attorneys'-fees portions of Plaintiffs' settlement proposal, Plaintiffs would not object to a referral and stay according to the terms set forth above.

Date: January 22, 2025

Respectfully submitted,

*/s/ Daniel H. Blomberg*
Daniel H. Blomberg (D.C. Bar No. 1032624)
Joseph C. Davis (D.C. Bar No. 1047629)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC, 20006
(202) 955-0095 PHONE
(202) 955-0090 FAX
dblomberg@becketfund.org

*Counsel for Plaintiffs*

4