**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FELLOWSHIP OF CHRISTIAN ATHLETES,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Defendants.** | **No. 1:24-cv-01332-DLF** |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, counsel participated in a Rule 26(f) conference on March 18, 2026, to prepare the following Meet and Confer Statement:

**I.      Joint Statement of the Case**

The Parties have set out their understandings of the background to this case in their briefing on Plaintiffs' motion for preliminary injunction, Dkts. 3, 23, 24, and on Defendants' partial motion to dismiss, Dkts. 39, 44, 53.

**II.     Matters Discussed Pursuant to Local Civil Rule 16.3**

1. **Whether the case is likely to be disposed of by dispositive motions; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The Parties believe that the case can be resolved by dispositive motions.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The Parties shall join any other parties and amend the pleadings no later than 30 days after filing the Joint Rule 26(f) Report.  The Parties, when appropriate, will work to narrow any factual issues.

**3.      Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to assigning this case to a magistrate judge for all purposes, including trial.

**4.      Whether there is a realistic possibility of settling the case.**

Plaintiffs believe that it is still too early to say whether there is a realistic possibility of settling the case.  Although Plaintiffs have diligently sought to engage in party-to-party settlement negotiations, those efforts have thus far been met with unproductive delay.  *See* Dkt. 37.

Defendants believe this case can realistically be resolved by settlement and that mediation before a magistrate judge would be the most efficient way to achieve such a result. Defendants have consistently sought to engage in mediation, including moving the Court for an order requiring the Parties to mediate.  *See, e.g.*, Defs.' Mot. for Referral to Mediation [36]. Plaintiffs opposed that motion, Pls.' Resp. to Defs.' Mot. for Referral to Mediation [37], and have not consented to mediation at this time.  Defendants intend to continue efforts to engage in party-to party negotiations.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Defendants believe that this case would benefit from mediation before a magistrate judge to resolve all remaining issues.  Plaintiffs have not consented to mediation at this time.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

The Parties believe that this case can be resolved by dispositive motion.

The Parties propose that at the close of the discovery period, the Parties submit a joint status report proposing a schedule for further proceedings, including a schedule for cross motions for summary judgment.  Plaintiffs' position is that summary judgment briefing should begin within 60 days of the close of discovery, in order to ensure that this case continues to move

expeditiously toward resolution.  Defendants' position is that the Parties should propose a schedule for summary judgment briefing in the post-discovery joint status report, at which time—with the benefit of completed discovery—the Parties will be better equipped to assess and propose an efficient and realistic briefing schedule.

> **7.** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The Parties do not stipulate to dispensing with the initial disclosures required by Rule 26(a)(1).  Plaintiffs propose that the Parties exchange initial disclosures pursuant to Rule 26(a)(1) within 14 days after filing the Joint Rule 26(f) Report.  *See* Fed. R. Civ. P. 26 (a)(1)(C) (default deadline of within 14 days of Rule 26(f) conference).  Defendants propose that the Parties exchange initial disclosures pursuant to Rule 26(a)(1) within 21 days after filing the Joint Rule 26(f) Report.

> **8.** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

The Parties anticipate seeking discovery on the facts and surrounding circumstances related to Plaintiffs' allegations in their complaint, Defendants' respective defenses, any expert disclosures, and all other matters that may lead to the discovery of admissible evidence.  The Parties propose the following case schedule to govern discovery in this case:

Fact Discovery: The Parties propose a fact discovery period closing 180 days after the entry of the scheduling order.

Expert Disclosures: Plaintiffs propose that expert disclosures be due 90 days after the entry of a scheduling order.  Defendants propose that expert discovery, if necessary, follow fact discovery and that the Court require the Parties to file a joint status report within 14 days of the close of fact discovery proposing a schedule either for (a) expert discovery, if necessary; or (b) summary judgment briefing.

In addition to the limits on discovery provided for under the Federal or Local Civil Rules, the Parties propose that written discovery be limited to 25 requests for production and 25 requests for admission per side, and that depositions be limited to 6 per side.  The Parties agree that the Parties will provide 30 days' notice of any Rule 30(b)(6) deposition to allow time for the Parties to reach agreement about the scope of the deposition and for the responding party to identify and prepare appropriate deponent(s).

The Parties will address whether a protective order is necessary as discovery proceeds. Defendants anticipate moving for the entry of a protective order to govern the exchange of confidential discovery materials, such as documents related to non-parties or other personal identifying information.

9.      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree to produce ESI either in native format rendered to TIFF images with a cross reference load file or as text-searchable Adobe PDF files.  In the event metadata is desired by a receiving party but cannot be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis.

If a producing party elects to use search terms to locate potentially responsive ESI, the Parties agree to meet and confer to agree on the search parameters and scope including time frame, email boxes to be searched, and search terms before any search is conducted, with the responding party responsible for initiating the conference no later than 21 days after service of the relevant discovery request.  Each party agrees to prepare a list of proposed search terms and custodians in advance of the meet and confer to streamline the discussion.

The Parties are aware of no issues concerning the preservation of electronically stored information.

4

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

There are currently no issues relating to privilege claims.  Any party claiming privilege or trial-preparation materials will comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure, and may negotiate an alternate procedure (*e.g.*, for asserting privilege after production) in connection with a proposed protective order.  At this time, the Parties are not asking the Court to enter an order under Federal Rule of Evidence 502.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The Parties do not believe that the requirements should be modified, including as to depositions of any experts.  Plaintiffs' proposed schedule includes dates to exchange expert disclosures within 90 days of entry of the scheduling order, and Defendants' proposed schedule includes a date to file a joint status report proposing a schedule for expert discovery, if necessary, after the close of fact discovery.

12. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.  This is not a class-action lawsuit.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not anticipate a need to bifurcate this matter.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties propose that the Court set the pretrial conference, if necessary, after the resolution of any dispositive motions for summary judgment.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties request that the Court schedule a firm trial date at the pretrial conference.

**16.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

There are no other matters that the Parties believe should be included in the scheduling order.

### III.    Plaintiffs' Proposed Schedule

Plaintiffs propose the following schedule.

| Event | Date / Deadline |
| --- | --- |
| Initial Disclosures Due | April 8, 2026 |
| Joinder of Parties and Amending Pleadings Deadline | April 24, 2026 |
| Expert Disclosures Due | 90 days after entry of the scheduling order |
| Close of Discovery | 180 days after entry of the scheduling order |
| Joint Status Report | 14 days after the close of discovery, the Parties will file a joint status report that includes their proposal(s) regarding a schedule for filing and briefing any summary judgment motions, with such briefing to begin within 60 days of the close of discovery |
| Status/Pretrial hearing | Set by Court (if necessary) after any summary judgment motions decided |
| Trial | Set by Court (if necessary) at status/pretrial hearing |

### IV.    Defendants' Proposed Schedule

Defendants propose the following schedule.

| Event | Date / Deadline |
| --- | --- |
| Initial Disclosures Due | April 15, 2026 |
| Joinder of Parties and Amending Pleadings Deadline | April 24, 2026 |
| Close of Fact Discovery | 180 days after entry of the scheduling order |
| Joint Status Report | 14 days after the close of discovery, the Parties will file a joint status report that includes their proposal(s) regarding either (1) a schedule for expert discovery, or (2) a schedule for filing and briefing any summary judgment motions |

| Status/Pretrial hearing | Set by Court (if necessary) after any summary judgment motions decided |
|---|---|
| Trial | Set by Court (if necessary) at status/pretrial hearing |

Dated: March 25, 2026

*/s/ Joseph C. Davis*
Daniel H. Blomberg (D.C. Bar No. 1032624)
Joseph C. Davis (D.C. Bar No. 1047629)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Phone: (202) 955-0095
Fax: (202) 955-0090
jdavis@becketfund.org

*Counsel for Plaintiffs*

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Marcus D. Ireland*
AMANDA C. PESCOVITZ [1735780]
MARCUS D. IRELAND [90005124]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 702-2910
Email: marcus.ireland@dc.gov

*Counsel for Defendants*